HENRY S. HUTCHINS & others *vs.* NEW ENGLAND COAL MINING COMPANY.

The members of a corporation established under the laws of this commonwealth are liable upon contracts entered into by the corporation in another state, with citizens of that state, in like manner and to the same extent as upon contracts entered into here, with citizens of this commonwealth.

CONTRACT upon a promissory note and account annexed, against a corporation established under the laws of this commonwealth. Several individuals were also summoned as stockholders.

At the trial in the superior court, before *Rockwell,* J., it appeared that the plaintiffs were residents of Providence, Rhode Island, and that the contracts in suit were made in that state. The defending stockholders asked the judge to rule that their liability depended on the laws of Rhode Island, and that the plaintiffs could have no claim upon them personally on account of a want of compliance by the corporation with the provisions of the statutes of this commonwealth ; but he declined so to do.

The jury returned a verdict for the plaintiffs, and found specially that the defending stockholders were liable ; and the latter alleged exceptions.

*P. C. Bacon & H. Williams,* (*F. H. Dewey* with them,) for the defending stockholders.

*E. Mellen & W. S. Davis,* (*E. Williams* with them,) for the plaintiffs.

BIGELOW, C. J.* The rule of law that the *lex loci contractus* regulates and governs the nature, interpretation and obligation of all contracts is indisputable ; but it cannot be applied in the present case to defeat the right of the plaintiffs to hold the stockholders, who have been duly summoned in the action, liable for the debts of the corporation. It is true, that the causes of action set out in the declaration are founded on contracts entered into in another state. This fact, if the present action were a suit against a natural person, and involved any question concerning which there was a conflict between the laws of this commonwealth and those of the place of the contract, might require us to consider the nature, operation and effect of the laws of that state upon the contracts declared on. But the suit is brought against a corporation created by a statute of this commonwealth, which, *ex proprio vigore,* had no force or validity in the state of Rhode Island. The corporation which it established, strictly speaking, had no legal existence in that state. Its power as an artificial person to enter into contracts and do other corporate acts could be there recognized and allowed only by comity. This results necessarily from the well settled principle, that the statutes of one state do not operate ex-territorially, and are not obligatory beyond the limits of the sovereignty which enacted them. But the comity of states, as understood and acted on by the general practice of all civilized countries, extends to corporations the privilege of exercising the powers conferred by their charters beyond the limits of the state or country in which they have their origin and legitimate existence. The only restriction on this rule of comity is, that in thus giving effect to foreign statutes, a state is careful to see that no wrong or injury is thereby done to its citizens, and that the policy of its own laws is in no way contravened or impaired.

* DEWEY, J. did not sit in this case.

*Bank of Augusta* v. *Earle*, 13 Pet. 519, 589. It results from these familiar principles that when a corporation goes into a state other than that which created it, and enters into a contract with the citizens of that state, it exercises, not a power or authority derived from the law of the place of the contract, but it acts solely by virtue of the rights conferred by the law of the place of its creation. Indeed, it has no other legal existence or power to act. It carries with it into every state or country where it may undertake to exercise its corporate functions, all the legal attributes and powers, and subjects itself and its members to all the duties and liabilities arising out of or imposed by the provisions of law under which it was originally created and established. It is, therefore, a fallacy to say that the binding force and obligation of a contract made by a corporation in a foreign state or country depend entirely on the local laws of the place where the contract is entered into. Such a statement is only partially true. The foreign law would doubtless regulate and govern the nature, interpretation and obligation of the contract in all respects, except so far as they depended on the extent of the powers conferred by the charter of the corporation upon the artificial person which it created. These a foreign state could neither enlarge nor abridge. It could only restrict or prohibit their exercise within the limits of its jurisdiction. But in the absence of any such limitation, either imposed by positive law, or resulting from the repugnancy or inconsistency of corporate powers with the law of the country in which they were sought to be exercised, a corporation would be deemed to have acted in conformity with the law of the place of its creation, and to be liable on its contracts in like manner and to the same extent as on those which were entered into by it with citizens of the state by which it was established. In such case the " comity of contract," as it may be called, embraces and recognizes the artificial person which another state has created, with all its capacities and powers, and all the obligations and liabilities, which by the law of the place of its origin and creation constitute the essential features of its legal existence. To this extent, the *lex loci contractus* does not apply,

because the parties, at the time of entering into the contract, had the statute of the foreign state in view, and intended to regulate their mutual rights and obligations by its provisions. Story Confl. Laws, § 328. The corporation in the present case, in going into Rhode Island and making contracts with the citizens of that state, acted solely by virtue of its powers and functions as a corporate body established by the laws of this common-wealth, and assumed there the duties and obligations to which it was legally liable as a contracting party under the provisions of its charter. The laws of the state of Rhode Island, appli-cable to the powers and functions of its domestic corporations, did not in any degree operate to change the nature or extent of the liability of this corporation or of its stockholders for the corporate debts to creditors seeking to enforce them in the courts of this state. The right of creditors to recover a judgment against the corporation for the amount of their debts, and to take out execution on which, in certain contingencies, the pri-vate property of stockholders might be taken, was one of the attributes or properties of its legal existence, by virtue of its charter, of which it did not and could not divest itself by enter-ing into contracts in other states. On the contrary, such con-tracts must be presumed to have been made with reference to this very liability. Certainly the corporation and its stockholders are estopped from denying it. It would be a strange return for the comity which allows corporations created by our statutes to exercise their powers and functions in other states, if we should refuse to citizens of those states seeking to enforce their debts in this commonwealth the same rights and remedies against those corporations which our laws furnish to our own citizens. The case would stand very differently, if the suit was brought for the purpose of enforcing a liability created by the charter of a foreign corporation against stockholders residing here. We should then pause to inquire whether the provisions of the stat-ute of another state were in conflict with our own laws, or of doubtful policy. *Erickson* v. *Nesmith*, 15 Gray, . *Same* v. *Same, ante*, 233. But we can see no plausible ground on which it can be contended that we ought to withhold from foreign

creditors the rights and remedies which are given by the statutes of this state for the enforcement of debts against our own domestic corporations and their stockholders.

*Exceptions overruled*